Florence M. HOGLUND, Plaintiff-Appellant,

v.

SECURA INSURANCE, a mutual company, a domestic insurance corporation, Douglas D. Lebal, Defendants,

AMERICAN STATES INSURANCE COMPANY, a foreign insurance corporation, Defendant-Respondent.†

Court of Appeals

*No. 93–0037–FT. Submitted on briefs March 30, 1993.—Decided April 13, 1993.*

(Also reported in 500 N.W.2d 354.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Arthur De Bardeleben* of *De Bardeleben & Associates* of Park Falls.

For the defendant-respondent the cause was submitted on the brief of *Richard J. Kelly* of *Kelly & Ryberg, S.C.* of Eau Claire.

Before Cane, P.J., Wedemeyer and Myse, JJ.

MYSE, J.   Florence Hoglund appeals a summary judgment dismissing her complaint against American States Insurance Company for payment under its underinsured motorists (UIM) policy provisions. She contends the trial court erred by concluding that American States' policy definition of "underinsured motor vehicle" was valid and enforceable and precluded her recovery under the UIM provisions. She argues that the definition, providing coverage only if the tortfeasor's policy limits are less than Hoglund's $25,000 UIM policy limits, (1) renders coverage under the UIM provision illusory because motorists are statutorily required to carry at least $25,000 of liability insurance under sec. 344.33, Stats., and (2) is inconsistent with the insured's reasonable expectation of coverage. We conclude that American States' policy definition of "underinsured motor vehicle" is unambiguous; however, because we conclude that the purchased UIM coverage constitutes an illusory contract, we reverse the judgment.

Hoglund was injured when Douglas Lebal's vehicle collided with her husband's truck, in which she was a passenger. Lebal had a $25,000 automobile liability policy with Secura Insurance. Hoglund's damages exceeded Secura's $25,000 policy limits. The Hoglund vehicle was insured under an American States policy

267

that included $25,000 UIM coverage. An agent of American States twice confirmed to the Hoglunds that the premiums they paid purchased UIM coverage.

Hoglund commenced a personal injury action against Lebal and Secura Insurance. American States was joined because of its provision of UIM coverage to Hoglund and its subrogated rights to payments it made to Hoglund under its medical payment provisions. American States moved the trial court for summary judgment as to the UIM coverage issue, claiming that its policy definition of an underinsured motor vehicle precluded Hoglund's recovery under the UIM provisions. The trial court agreed and granted summary judgment to American States.

■

Summary judgment is appropriate because the facts are undisputed. Section 802.08(2), Stats. When reviewing a grant of summary judgment, we apply the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314-15, 401 N.W.2d 816, 820 (1987). Because that methodology is familiar, we need not repeat it here. *See id.*

■

Interpretation of an insurance policy is a question of law. *Keane v. Auto-Owners Ins. Co.*, 159 Wis. 2d 539, 547, 464 N.W.2d 830, 833 (1991). We may not modify an insurance policy's unambiguous language. *Schroeder v. Blue Cross & Blue Shield*, 153 Wis. 2d 165, 173, 450 N.W.2d 470, 473 (Ct. App. 1989). A policy's language is ambiguous when it is susceptible to more than one reasonable interpretation. *Id.* at 174, 450 N.W.2d at 473. Whether an insurance contract is illusory is a question of law. We review questions of law independently of the trial court's determinations. *Ball v.*

*District No. 4 Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

The American States policy defines "Underinsured Motor Vehicle" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident; *however, its limit for bodily injury liability is less than the limit of liability for this coverage*." (Emphasis added.) Our supreme court held that the only reasonable interpretation of almost identical language is that UIM coverage is denied if the other motorist's liability coverage amount is equal to or more than the insurer's UIM policy limits, and thus is unambiguous as a matter of law. *Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 811, 456 N.W.2d 597, 599 (1990). The definition in *Smith* was: "[A] land motor vehicle . . . to which a bodily injury liability bond or policy applies at the time of the accident *but its limit for bodily injury liability is less than the limit of liability for this coverage*." *Id.* (emphasis in original). Because there is no meaningful difference between the language in *Smith* and American States' language, we are compelled to conclude that this language is unambiguous. Under the plain meaning of the definition, Lebal's vehicle is not underinsured.

Hoglund argues that the policy's definition of underinsured motor vehicle, when read in conjunction with sec. 344.33, Stats., and the policy's definition of uninsured motor vehicle, renders UIM coverage under the policy illusory because there are no circumstances under which Hoglund can recover under the UIM provisions. Thus, Hoglund argues, the definition is inconsistent with the insured's reasonable expectations of UIM coverage and should be construed against the insurer, American States. We agree. American

269

States points to *Smith* and *Krech v. Hanson* 164 Wis. 2d 170, 175 n.2, 473 N.W.2d 600, 602-03 n.2 (Ct. App. 1991), contending that Hoglund's arguments were previously rejected. However, the unique circumstances presented in this case were lacking in those cases; therefore, they do not compel the same result here.

In *Smith*, our supreme court refused to entertain an illusory contract argument, not because it concluded that the policy language was unambiguous, but because the argument depended on hypothetical facts: "Smith raises certain hypothetical situations which she alleges would result in the enforcement of illusory contracts and inequitable results. However . . . these hypothetical facts are not before the court. We do not reach decisions based on hypothetical facts." *Id.* at 813-14, 456 N.W.2d at 600. Here, the illusory contract issue is not based on hypothetical facts, but on the facts before the court.[1]

American States' definition of "underinsured motor vehicle" precludes coverage, in this case, if the tortfeasor's policy limits are $25,000 or less. However, in Wisconsin, liability coverage cannot be issued for less than $25,000 under sec. 344.33, Stats. Because Wisconsin drivers must have a liability policy of at least $25,000, Hoglund will never recover under American States' $25,000 UIM policy if the tortfeasor is an insured Wisconsin driver. If the driver is uninsured, Hoglund would recover under the uninsured motorist provisions, not the UIM provisions.

---

[1] We note that in *Paape v. Northern Assur. Co.*, 142 Wis. 2d 45, 51, 416 N.W.2d 665, 668 (Ct. App. 1987), this court denied coverage in a situation where the insured had $15,000 worth of underinsured motorist coverage and was injured by a driver with $25,000 worth of liability coverage. However, we did not reach an illusory contract argument in *Paape*.

Moreover, the UIM provisions would not provide coverage if the tortfeasor is an insured out-of-state driver. American States' policy defines an "uninsured motor vehicle" as:

> a land motor vehicle or trailer of any type . . . [t]o which a bodily injury liability bond or policy applies at the time of the accident *[with policy limits] less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged*. (Emphasis added.)

This language renders an out-of-state vehicle with a liability policy limit less than $25,000 an *uninsured* vehicle. Therefore, Hoglund cannot recover under the UIM provisions if the tortfeasor is an insured or uninsured out-of-state driver. Consequently, there are no circumstances under which Hoglund can recover under the UIM provisions.

In *Kaun v. Industrial Fire & Cas. Ins. Co.*, 148 Wis. 2d 662, 670, 436 N.W.2d 321, 324 (1989), our supreme court cited these very facts as a hypothetical situation where a policyholder purchases illusory coverage. Because Hoglund has paid a premium for UIM coverage under which no benefits will ever be paid, the coverage is illusory and against public policy.[2] Other states have also found this type of coverage to be illusory or against public policy. *See Glazewski v. Allstate Ins. Co.,* 466 N.E.2d 1151, 1156 (Ill. App. 1984); *Merid-*

---

[2] American States cites an affidavit alleging that none of its insureds "effectively pays any premium for underinsured motorist coverage at those minimum [$25,000] limits." We conclude that the insignificance of the amount of premiums paid for the coverage, from American States' perspective, is immaterial.

271

*ian Mut. Ins. Co. v. Richie*, 540 N.E.2d 27, 30 (Ind. 1989).

The record indicates that Hoglund believed the policy provided UIM coverage based on the policy provisions and the insurance agent's representations, and was discouraged from further efforts to acquire the desired coverage by the existence of the illusory coverage. However, because this issue may not have been fully litigated, we remand the matter for findings concerning Hoglund's expectation. The trial court should then reform the UIM coverage contract so that it comports with Hoglund's reasonable expectations. *See Kaun*, 148 Wis. 2d at 670-71, 436 N.W.2d at 324-25. American States' motion for costs based upon its allegation that this is a frivolous appeal is hereby denied and costs are granted to Hoglund.

*By the Court.*—Judgment reversed and cause remanded with directions.