Louis R. Novak, Plaintiff-Appellant,

v.

American Family Mutual Insurance Company, a domestic corporation, Defendant-Respondent.

Court of Appeals

*No. 93–0454. Submitted on briefs November 3, 1993.—Decided March 15, 1994.*

(Also reported in 515 N.W.2d 504.)

For the plaintiff-appellant the cause was submitted on the briefs of *Robert L. Elliott* of *Hausmann-McNally, S.C.*, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *James T. Murray, Jr.* and *Ronald G. Pezze, Jr.*, of *Peterson, Johnson & Murray, S.C.*, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SULLIVAN, J. The issue in this case is whether the trial court correctly granted summary judgment in favor of American Family Mutual Insurance Company on the basis that American had no duty to defend upon exhaustion of its policy limit by payment of a settlement. Louis R. Novak appeals from a final order in which the trial court: denied Novak's motion for partial summary judgment against American Family, his liability insurer; granted American Family's motion for summary judgment; and dismissed Novak's amended

complaint which alleged that American Family had breached its duty to provide a defense.

On June 30, 1991, Novak, operating the vehicle declared in American Family's policy, struck and killed a bicyclist. On August 13, American Family advised Novak that it would not defend him beyond policy limits. On August 23, American Family offered the $100,000 policy limits to settle all claims against it, its named insured, Annette R. Novak, and Novak[1] in exchange for full releases. The decedent's widow rejected the offer and filed her wrongful death action on October 18. A settlement was achieved on October 29, which released American Family upon payment of the policy limit of $100,000 and released Novak to the extent of policy limits only. Novak retained an attorney to defend on the excess and settled in the fall of 1992. He filed this action seeking a judgment declaring his rights under the policy, for a determination of American Family's tortious bad faith, and for damages.

American Family sought summary judgment on the basis that it had no duty to defend as it had already exhausted the policy limits by paying a settlement to the decedent's widow. In contrast, Novak sought summary judgment against American, arguing that American had rejected Novak's defense in bad faith and without first adjudicating its duty to defend, and that American could not enforce what Novak calls a "pay and walk" provision because that provision violates Wisconsin public policy. The trial court granted American Family's summary judgment motion. Novak appeals.

American Family's liability policy provided:

---

[1] Novak was a relative insured under the liability provision of the policy.

## PART I — LIABILITY COVERAGE

**You** have this coverage if Bodily Injury Liability and Property Damage Liability coverage is shown in the declarations. **We** will pay damages an **insured person** is legally liable for because of **bodily injury** and **property damage** due to the **use** of a **car** or **utility trailer**.

**We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

**HOWEVER, WE WILL NOT DEFEND ANY SUIT AFTER OUR LIMIT OF LIABILITY HAS BEEN OFFERED OR PAID**.

(Emphasis and capitalization in original.) It is the last sentence of this liability coverage provision that is at issue in this case.

Interpretation of insurance policy provisions in the context of undisputed facts presents an issue of law for which we owe no deference to the conclusions of the trial court. *St. John's Home v. Continental Cas. Co.,* 147 Wis. 2d 764, 781, 434 N.W.2d 112, 119 (Ct. App. 1988). We apply an objective test to the insurance contract and interpret it as it would be understood by a reasonable person in the insured's position. *Id.*

We affirm a summary judgment if there exists no genuine issue of material fact and if the movant is entitled to judgment as a matter of law. *Id.* at 781-82, 434 N.W.2d at 119. We apply the same methodology as the trial court in our review of summary judgment but, again, owe no deference to the conclusions of the trial court. *Id.* at 782, 434 N.W.2d at 119. In *Smith v. Wisconsin Physicians Servs.,* 152 Wis. 2d 25, 29, 447

N.W.2d 371, 372 (Ct. App. 1989), we restated the summary judgment methodology and we need not repeat that analysis here. With these review standards and methodology in mind, we determine whether the "pay and walk" provision of American Family's policy violated its duty to defend Novak, whether the provision violated the public policy of the state, and whether American Family is liable for breach of contract or bad faith.

Novak argues that American Family's duty to him is fulfilled only upon payment of policy limits incidental to an agreement or judgment which meets his approval or which finally settles the pending claim against him within policy limits. Novak contends that American Family breached its duty to defend him when it paid policy limits and refused to defend him on the excess. We disagree.

The duty to defend is a creature of contract. No Wisconsin statute prescribes a duty to defend or restricts its contractual limitation. Section 632.32, STATS., regulating motor vehicle insurance policies, provides no such duty and contains no such limit upon the right to contract.

A clause similar to the one at issue in this case was considered by the supreme court in *Gross v. Lloyds of London Ins. Co.,* 121 Wis. 2d 78, 358 N.W.2d 266 (1984). In that case, the insurer sought to terminate its defense of the insured by tendering its policy limit for settlement.[2] *Id.* at 82, 358 N.W.2d at 268. The court

---

[2] The policy in *Gross* contained the following limitation:

[T]he Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements or after such limit of the Company's liability has been tendered for settlements.

began its analysis by explaining that revisions to the standard form liability policy in 1966 "were meant to clarify when the insurer's duty to defend the insured has been satisfied by providing that the duty to defend ceases after the policy limits are exhausted either by payment of judgments or settlements." *Id.* at 85, 358 N.W.2d at 270. The court then stated:

> We conclude the "payment of judgments or settle-ments" language in the 1966 policy form *contemplates payment upon the conclusion* of the litigation or termination of the claim by settlement. The "tendered for settlements" language added by the insurer [in this case, however,] contemplates payment *prior* to the conclusion of the litigation or settlement of the claim against the insured. The addition of the "tendered for settlements" language is persuasive evidence of a substantial change in the obligation of the insurer to defend.

*Id.* at 86, 358 N.W.2d at 270 (emphasis added). Because the insurer had provided language that departed from standard practice, and because the insured had received only a binder, and not a copy of the policy which contained the new provision, the court concluded that the insured had no notice of the provision and it could not be enforced against him. *Id.* at 88, 358 N.W.2d at 271.

Although the court decided the case based upon the lack of notice, it went on to discuss how policy language could effectuate a limitation on the duty to defend:

> In order for an insurer to be relieved of its duty to defend upon tender of the policy limits, the "ten-

*Gross,* 121 Wis. 2d at 83, 358 N.W.2d at 269 (emphasis omitted).

dered for settlements" language must be highlighted in the policy and binder by means of conspicuous print, such as bold, italicized, or colored type, which gives clear notice to the insured that the insurer may be relieved of its duty to defend by tendering the policy limits for settlement .... Insureds will thus be put on notice that they are buying a policy of indemnity and a defense only up to the point where the insurer tenders the policy limits for settlement and that the insurer's duty to defend ceases once such a tender has been made. Once insureds have been given notice by the insurer of a limited duty to defend, they may choose to afford themselves greater protection in the defense of claims by increasing the amount of their policy limits or seek a policy which provides for unlimited defense. *Insurers may terminate their duty to defend their insureds by tendering the policy limits, but they may do so only if the insureds receive adequate notice as outlined in this opinion.*

*Id.* at 89, 358 N.W.2d at 271-72 (emphasis added).

The challenged language in American Family's policy has complied with the requirement that such language be highlighted. Novak tries to distinguish *Gross* from the present case, however, on two grounds: (1) that the relevant language of the provision in American's policy and the policy in *Gross* is not identical; and (2) that *Gross* did not decide whether such a provision was contrary to public policy.

Novak argues that American's policy allows it to merely "offer" the money and walk away from its duty to defend. Novak's argument is somewhat undeveloped and fails to explain why this is significant. The provision in *Gross* allowed a limitation on the duty to defend where the limit of liability had been "tendered for settlements." According to BLACK'S LAW DICTIONARY, 1467

139

(6th ed. 1990), a tender is "[a]n offer of money" or "[t]he act by which one produces and offers to a person holding a claim or demand against him the amount of money which he considers and admits to be due . . . ." In both *Gross* and the present case, the insurer did in fact pay out on the settlement "offer" or "tender." In neither case is the insurer attempting to escape liability and, at the same time, attempting to limit the duty to defend. The language of the clauses is not significantly different and thus, we conclude that Novak has not distinguished the present case from *Gross*.

Novak's second challenge to the "pay and walk" provision begins with his assertion that the supreme court never addressed public policy concerns in *Gross*. The provision violates public policy, Novak urges, because it permits the insurer, in the course of investigation, to discuss the facts confidentially with its insured, who has a duty to cooperate, and then to use those facts when concluding to abandon the defense upon payment of policy limits. It sends a message, Novak claims, to all insureds not to discuss facts with their insurers and rather run the risk of a non-cooperation defense than the risk of defending with personal resources.

We agree with Novak to the extent that he argues that the supreme court's majority opinion in *Gross* did not mention public policy.[3] Nonetheless, this court's

---

[3] Although the words "public policy" do not appear in the majority opinion, Chief Justice Heffernan, in his concurrence, in which Justice Bablitch joined, writes:

> I do not join in the dicta concerning the public policy of allowing insurers to terminate their obligation to defend nor in the *sub silentio* implication that, had proper notice been given, the provision in question would be enforceable. These public policy issues were neither considered nor decided by this court and, under the

opinion in that same case held that such a provision did not violate public policy. *Gross v. Lloyds of London Insurance Co.*, 118 Wis. 2d 367, 375, 347 N.W.2d 899, 903 (Ct. App.), *rev'd on other grounds*, 121 Wis. 2d 78, 358 N.W.2d 256 (1984). We stated: "We conclude that there is nothing contrary to public policy in an insurer's explicit policy language which limits the duty to defend to the policy limits." *Id.* In the absence of a statement from the supreme court stating otherwise, our holding is controlling. Thus, we conclude that the limitation on the duty to defend is enforceable and is not contrary to public policy.

Finally, Novak argues that, even if the contractual provision is enforceable, American Family's unilateral decision to pay the limits and abandon the further defense constituted a breach of contract and tortious bad faith. He concludes that he is entitled to recover compensatory and punitive damages. Novak contends that American Family should have obtained a stay of proceedings for trial of liability and first litigate the

rationale of the court, are not necessary for the disposition of the case.

*Gross*, 121 Wis. 2d at 90, 358 N.W.2d at 272. Justice Abrahamson, concurring, observed the following:

As I read the opinion, the majority does not decide the public policy issue—either in dicta . . . or in holding . . . .

. . . Indeed the whole point of the majority opinion seems to be to avoid the public policy question entirely.

*Id.* at 91, 358 N.W.2d at 272-73. Finally, Justice Ceci, concurring, writes:

I agree with the majority's holding that it is not against public policy for an insured [sic] to terminate its duty to defend by tendering its policy limits.

*Id.* at 92, 358 N.W.2d at 273.

validity of the "pay and walk" provision. The cases cited by Novak, however, fail to support his position.

In *Elliott v. Donahue,* 169 Wis. 2d 310, 314-15, 485 N.W.2d 403, 404-05 (1992), the insurer had denied coverage based on a non-permissive use policy exclusion. The coverage issue was subsequently decided in favor of the insured. *Id.* at 315, 485 N.W.2d at 405. The supreme court determined that the insurer was obligated for the insured's attorney fees incurred in a successful effort to defend coverage. *Id.* at 314, 485 N.W.2d at 404. In *United States Fire Ins. Co. v. Good Humor Corp.,* 173 Wis. 2d 804, 815-17, 496 N.W.2d 730, 733-34 (Ct. App. 1993), an issue existed as to whether a comprehensive general liability policy provided certain liability coverage to the corporate successor of the tortfeasor. In both cases, the insurer disputed coverage, and the coverage issue was subsequently decided in favor of the insured. In contrast, here, American Family has never disputed coverage, and in fact has paid the maximum coverage provided under the clear language of the policy.

■

No material issue of fact exists. American Family has not failed to fulfill its obligations under the contract. Because American Family was entitled to judgment as a matter of law, we affirm the trial court's grant of summary judgment.

*By the Court.*—Order affirmed.