Pauline MEYER, Plaintiff-Respondent,

v.

CLASSIFIED INSURANCE COMPANY, INC., Defendant-Appellant,

COLONIAL PENN INSURANCE COMPANY and State Farm Mutual Automobile Insurance Company, Defendants.

Court of Appeals

*No. 94–2294. Submitted on briefs February 6, 1995.—Decided March 7, 1995.*

(Also reported in 531 N.W.2d 416.)

For the defendant-appellant, the cause was submitted on the briefs of *Howard S. Marker* and *David Oskie* of *Marker & Oskie, Ltd.* of Minneapolis.

For the plaintiff-respondent, the cause was submitted on the brief of *Timothy T. Sempf* of *Novitzke, Gust & Sempf* of Amery.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Classified Insurance Company, Inc., appeals the circuit court's order that Pauline Meyer had a reasonable expectation of $25,000 underinsured motorist (UIM) coverage and thus was entitled to this coverage. This order was predicated on an earlier order finding Classified's UIM insurance coverage illusory. Classified contends that the insurance contract is not illusory and that Meyer did not have a reasonable expectation of UIM coverage in the amount of $25,000. We disagree and affirm the circuit court.

Meyer was a passenger in her own automobile driven by her daughter, Dorothy Nelson. Julia Helbig struck the Meyer automobile, and consequently Meyer was seriously injured. Helbig was insured by Great American Insurance Company, which paid Meyer the total liability limits of $100,000. It is undisputed that Meyer's medical expenses were greater than these liability limits surrendered. Meyer carried insurance with Classified with UIM coverage of $25,000.

Meyer filed for a declaratory judgment claiming $25,000 UIM coverage. Relying on the policy's language, Classified contended that because Helbig's policy limits were $100,000, Meyer's car did not meet the policy's threshold definition of an UIM vehicle. However, the circuit court determined that Classified's interpretation rendered the $25,000 UIM benefits illusory pursuant to *Hoglund v. Secura Ins.,* 176 Wis. 2d 265, 500 N.W.2d 354 (Ct. App. 1993). The court then concluded that there were genuine issues of material fact regarding Meyer's reasonable expectations of UIM insurance coverage and ordered an evidentiary hearing to determine these expectations.

After the circuit court held an evidentiary hearing, it concluded that a reasonable person would have believed there was $25,000 UIM coverage included within the scope of the overall coverage provided by the Classified policy. Thus, the court determined that Meyer could reasonably expect that her premium payments would provide her with $25,000 UIM coverage. Classified appeals this order, contending that the insurance contract is not illusory and that Meyer did not have a reasonable expectation of UIM coverage amounting to $25,000.

Interpretation of an insurance contract is a question of law that we review independently of the trial court. *Qualman v. Bruckmoser,* 163 Wis. 2d 361, 364, 471 N.W.2d 282, 284 (Ct. App. 1991). The reasonable expectations of the insured should be furthered when interpreting an insurance policy. *Kremers-Urban Co. v. American Employers Ins. Co.,* 119 Wis. 2d 722, 735, 351 N.W.2d 156, 163 (1984). In the absence of ambiguity, the court does not interpret a policy, but applies its terms. *Id.* at 736, 351 N.W.2d at 163. Whether an insurance contract is illusory is a question of law, *Hoglund,* 176 Wis. 2d at 268, 500 N.W.2d at 355, which we review independently of the trial court's determinations. *Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

The policy definition of an UIM vehicle is the first step of our analysis. Meyer's policy definition of an UIM vehicle states: " 'Underinsured motor vehicle' means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." In *Smith v. Atlantic Mut. Ins. Co.,* 155 Wis. 2d 808, 811, 456 N.W.2d 597, 599 (1990), our supreme court interpreted similar policy language as meaning that UIM coverage is denied if the tortfeasor's liability coverage amount is equal to or more than the insured's UIM policy limits. The supreme court also found such language unambiguous. *Id.*

Here, the tortfeasor's liability limit is $100,000; Meyer's UIM coverage is $25,000. Thus, under the *Smith* analysis and Meyer's policy definition, the tortfeasor's automobile is not underinsured.

However, Meyer contends that her UIM coverage is illusory because she could never have collected the UIM coverage under the terms of her policy. She bases her argument on *Hoglund*, where the insured's UIM coverage and the tortfeasor's liability limits were both $25,000. *Id.* at 267-68, 500 N.W.2d at 355. In *Hoglund,* we concluded that the tortfeasor's automobile was not underinsured and the UIM definition was unambiguous. *Id.* at 269, 500 N.W.2d at 356. But, we held that the definition, when read in tandem with § 344.33(2), STATS.,[1] rendered the UIM coverage illusory. See *id.* at 269-70, 500 N.W.2d at 356, for this analysis.

We agree with Meyer's contention that her coverage is illusory and conclude that *Hoglund* is controlling in this case. It is true that, in *Hoglund,* we remanded the matter for a factual finding whether the insured had a reasonable expectation of coverage predicated on the belief that the circumstances surrounding the issuance of the policy were pertinent. In retrospect, where the UIM portion of the policy is illusory, the remand in *Hoglund* was inappropriate because a determination of the insured's reasonable expectations is an objective test. In other words, the insured's subjective expectations are irrelevant.

Issuance of a policy where the insured pays a premium for UIM coverage and can never recover is against public policy because it gives the insurer a windfall, while leaving the insured only partially compensated for his or her damages. Although the definition of UIM under Meyer's policy is not technically ambiguous, the terms of her insurance contract

---

[1] Section 344.33(2), STATS., provides that the minimum amount of motor vehicle liability coverage required is $25,000 for bodily injury or death of one person in any one accident.

violate public policy, which disfavors illusory coverage. *See Hoglund*, 176 Wis. 2d at 271, 500 N.W.2d at 357.

If coverage is determined to be illusory, we then must determine the effect of the illusory policy. Thus, what the policy coverage includes is at issue. This is a question of law which is determined independently of the trial court because it involves the application of the terms of a contract to an objective reasonableness standard. *See Novak v. American Family Mut. Ins. Co.*, 183 Wis. 2d 133, 136, 515 N.W.2d 504, 505-06 (Ct. App. 1994). We conclude that when paying a premium for $25,000 of UIM insurance, reasonable insureds expect that they received $25,000 of UIM coverage.

Accordingly, we conclude that because Meyer's UIM coverage was illusory, her damages beyond the amount compensated by Helbig's liability coverage must be covered by Classified up to the $25,000 limit of UIM coverage.

*By the Court.*—Order affirmed.