Tricia JANSSEN, Plaintiff-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COM-
PANY, Defendant-Appellant.

Court of Appeals

*No. 02–2928. Submitted on briefs May 27, 2003.—
Decided July 1, 2003.*

2003 WI App 183

(Also reported in 668 N.W.2d 820.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Keith W. Kostecke* of *Menn, Teetaert & Beisenstein, Ltd.*, Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *I. Gregg Curry IV* of *McCarty Curry Wydeven Peeters & Haak, LLP*, Kaukauna.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. State Farm Mutual Automobile Insurance Company appeals an order denying its summary judgment motion.[1] State Farm argues the court improperly determined that the excess clause contained in its uninsured motorists coverage rendered the coverage illusory. We conclude the excess clause is both ambiguous and illusory and therefore affirm the order.

## BACKGROUND

¶ 2. Tricia Janssen was injured in a two-car accident on August 30, 1996. Janssen was a passenger in one of the vehicles. Neither driver was insured. Janssen has uninsured motorist coverage through a policy issued by Leader National Insurance Company that covered a vehicle Janssen owned. Because Janssen lived with her parents, she was also covered by their uninsured motorist coverage through State Farm.

¶ 3. The State Farm policy contains an antistacking provision and an excess clause:

6. The provision titled <If There Is Other Uninsured Motor Vehicle Coverage> is changed to read:

Regardless of the number of policies involved, vehicles involved, <persons> covered, claims made, vehicles insured, or premiums paid, the limits for uninsured

---

[1] We granted leave to appeal a nonfinal order on December 13, 2002.

motor vehicle coverage under this policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limits of uninsured motor vehicle coverage available for <bodily injury> suffered by an <insured> in any one accident.

Subject to the above:

. . . .

2. If the <insured> sustains <bodily injury> while <occupying> a vehicle not owned or leased by <you, your spouse> or <your> relative who resides primarily in <your> household, then this coverage applies:

a. as excess to any uninsured motor vehicle coverage which applies to the vehicle or driver as primary coverage; but

b. only in the amount by which it exceeds the primary coverage.

If coverage under more than one policy applies as excess:

a. the total limit of liability shall not exceed the difference between the limit of liability of the coverage that applies as primary and the highest limit of liability of any one of the coverages that apply as excess; and

b. we are liable only for our share. Our share is that per cent of the damages that the limit of liability of this coverage bears to the total of all uninsured motor vehicle coverage applicable as excess to the accident.

¶ 4. Leader paid Janssen the maximum $25,000 limit available under that policy. Janssen commenced this action to claim the $25,000 limit under the State Farm policy. State Farm moved for summary judgment, arguing that Leader's payment was from a "responsible party" and subject to the reducing clause in State

Farm's policy. The circuit court granted the motion and Janssen appealed to this court. We concluded that Leader's payment was not by a responsible party and reversed.[2]

¶ 5. On remand, State Farm again moved for summary judgment, arguing that its antistacking provision in the policy barred Janssen's claim. The circuit court denied the motion. It determined that the antistacking provision was unambiguous; but when it was read together with the excess clause, the policy's coverage was rendered illusory. State Farm appeals.

## STANDARD OF REVIEW

¶ 6. This appeal involves the interpretation of an insurance policy and, therefore, presents a question of law that we review independently. *Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 810, 456 N.W.2d 597 (1990). "Where the language of the policy is plain and unambiguous, we enforce it as written, without resort to rules of construction or principles in case law." *Danbeck v. American Family Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. Whether the language of an insurance policy is plain AND ambiguous is also a question of law. *Kraemer Bros. v. United States Fire Ins. Co.*, 89 Wis. 2d 555, 561–62, 278 N.W.2d 857 (1979).

¶ 7. Here, the circuit court's interpretation of the insurance policy was decided on a motion for summary judgment. We also review the trial court's grant of

___

[2] *Janssen v. State Farm Mut. Auto. Ins. Co.*, 2002 WI App 72, 251 Wis. 2d 660, 643 N.W.2d 857.

summary judgment independently and apply the same standards and methods as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

## DISCUSSION

■

¶ 8. State Farm argues that its antistacking provision prevents recovery. State Farm cites two cases that it contends should be interpreted to limit recovery: *Dorschner v. State Farm Mut. Auto. Ins. Co.*, 2001 WI App 117, 244 Wis. 2d 261, 628 N.W.2d 414, and *Schroeder v. State Farm Mut. Auto. Ins. Co.*, 2002 WI App 11, 250 Wis. 2d 269, 640 N.W.2d 215. In both these cases, we determined that the antistacking clauses were unambiguous and did not render the uninsured motorist coverages illusory. *Schroeder*, 250 Wis. 2d 269, ¶¶ 11–12; *Dorschner*, 244 Wis. 2d 261, ¶¶ 12–13. State Farm argues that because the antistacking clause in its policy is identical to those deemed enforceable in *Dorschner* and *Schroeder*, it should also be enforceable here.

¶ 9. Janssen does not argue that in isolation the antistacking clause is unenforceable, but that, when read with the rest of the policy, it is susceptible to more than one meaning. She argues that *Dorschner* and *Schroeder* are inapplicable in this case because the facts of those cases are different.

¶ 10. We agree that *Dorschner* and *Schroeder* do not apply to the facts of this case. In *Dorschner*, the primary insurer paid its limit. State Farm's policy in that case was excess to the primary coverage and only would pay the amount by which it exceeded the primary coverage; that is, a responsible third party's liability

435

coverage. *Dorschner*, 244 Wis. 2d 261, ¶ 2. Here, there is no primary coverage because there was no responsible third party with liability insurance, a situation we did not review in *Dorschner*. Similarly, *Schroeder* is inapplicable to this case. *Schroeder* involved only the application of the policy antistacking clause. *Schroeder*, 250 Wis. 2d 269, ¶¶ 4–5. There was no issue of application of an excess clause. Consequently, neither case lends State Farm any support that the antistacking clause should be deemed enforceable under the facts of this case.

¶ 11. State Farm argues that even if *Dorschner* and *Schroeder* do not apply, the policy's excess clause limits Janssen's recovery to the $25,000 she received from Leader. Janssen maintains that State Farm's policy purports to be excess to a nonexistent primary policy and is therefore unclear and ambiguous. We agree with Janssen.

¶ 12. The State Farm policy states that coverage is "excess to any motor vehicle coverage which applies to the vehicle or the driver as primary coverage." Additionally, the excess coverage is only for "the amount by which it exceeds the primary coverage." However, there is no primary coverage in this case. The policy does not state whether or how the excess clause is to be applied where there is no primary coverage.[3] Consequently, the excess clause is ambiguous.

¶ 13. State Farm's excess coverage is also illusory in the context of the nonowned vehicle provision. WISCONSIN STAT. § 344.33[4] requires policy limits of at least

---

[3] The clause could also be construed to not apply at all if there is no primary coverage.

[4] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

$25,000. The State Farm policy limits coverage to $25,000, but is excess only. Because the policy's limit is equal to the statutory minimum, and stacking is prevented, the policy will never provide excess coverage. Any primary policy will necessarily pay at least $25,000, so there will never be any excess that State Farm would be required to pay.

¶ 14.   This is similar to facts in *Hoglund v. Secura Ins.*, 176 Wis. 2d 265, 500 N.W.2d 354 (Ct. App. 1993). In *Hoglund*, underinsured motorist coverage was for $25,000 per person, subject to a reducing clause. *Id.* at 267. We determined that the reducing clause was illusory. *Id.* at 270. After the statutory minimum $25,000 was paid, the reducing clause would reduce the available limit to zero, and the underinsured motorist coverage would never be invoked. *Id.*

¶ 15.   State Farm argues that the clause is not illusory because it provides for proration. State Farm claims that Leader could have sought to have State Farm pay one-half of the coverage, but chose not to do so. However, the policy allows proration only when the coverage is excess, which it cannot be here because there is no primary policy involved.

*By the Court.*—Order affirmed.