Ryan R. ELLIFSON and
Jacqueline S. Ellifson,
Plaintiffs,

v.

WEST BEND MUTUAL INSURANCE CO.,
Defendant-Third-Party Plaintiff-Appellant,

v.

WISCONSIN MUNICIPAL MUTUAL INSURANCE COMPANY,
Third-Party Defendant-Respondent.

Court of Appeals

*No. 2007AP641. Submitted on briefs January 17, 2008.
—Decided May 14, 2008.*

2008 WI App 86

(Also reported in 754 N.W.2d 197.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey Leavell, Christine M. Genthner*, and *Emily C. Zapotocny* of *Jeffrey Leavell, S.C.*, Racine.

On behalf of the third-party defendant-respondent, the cause was submitted on the brief of *Brian W. Baird* of *Coyne, Schultz, Becker & Bauer, S.C.*, Madison.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. ANDERSON, P.J. West Bend Mutual Insurance Company appeals from a summary judgment order granted in favor of Wisconsin Municipal Mutual Insurance Company. In 2001, West Bend's insured, Ryan R. Ellifson, was injured in an automobile accident. The accident occurred while Ellifson, a Kenosha county sheriff's deputy at the time, was acting within his scope as an employee of Kenosha county. After Ellifson settled with the other drivers, he sued West Bend alleging underinsured motorists (UIM) coverage. West Bend

brought a third-party action against Wisconsin Municipal, Kenosha county's insurer, seeking a declaration that Wisconsin Municipal was Ellifson's primary UIM insurer. Wisconsin Municipal moved for summary judgment, which was granted by the circuit court. We affirm.

¶ 2. Prior to the accident at issue, Ellifson was involved in another accident that occurred while he was in a county-owned vehicle acting in the course of his employment. On October 19, 2000, Ellifson was in a marked sheriff's vehicle when his vehicle was struck by a vehicle operated by Perette Michelli, who had crossed over into Ellifson's lane of travel. Thereafter, Michelli and Michelli's insurer, USAA Casualty Insurance Company, and the parties named in the case before us were all named in Kenosha county case No. 2003CV1194. Ellifson's personal UIM carrier impleaded Wisconsin Municipal as a third-party defendant. Wisconsin Municipal moved for summary judgment before Judge Michael Fisher, arguing that employees were specifically excluded from UIM coverage under the policy. Judge Fisher denied Wisconsin Municipal's motion for summary judgment, resulting in a nonfinal order. Upon denial of its motion, Wisconsin Municipal timely filed a petition for leave to appeal the nonfinal order. We denied Wisconsin Municipal's petition on May 19, 2004. The case settled before trial, with all claims dismissed on their merits.

¶ 3. The next year, on April 12, 2001, Ellifson, while acting in the scope of his employment as a Kenosha county deputy, was injured in the automobile accident which is the subject of this appeal. The injury occurred when an underinsured motorist, Robert D. Yates, collided with the Kenosha County Sheriff's Department van that Ellifson and another deputy were

using to transport inmates. Apparently, Yates abruptly applied his brakes and was rear-ended by Jorge Benitez-Dominguez, causing Yates' vehicle to slide into the path of the van. As a result, Ellifson incurred medical expenses and lost wages. He claims total damages of approximately $44,000.

¶ 4. Following arbitration, Ellifson settled with Yates and Benitez-Dominguez and their insurers, Progressive and Allstate respectively. There were a number of plaintiffs involved in the arbitration. Progressive and Allstate paid Ellifson a combined total of $40,153.84, his pro rata share per the arbitration award. After this settlement, Ellifson sued West Bend, his personal automobile insurer, alleging UIM coverage. The West Bend policy issued to Ellifson contained UIM coverage but West Bend did not consider itself to be responsible for Ellifson's UIM coverage. Rather, West Bend looked to Kenosha county's automobile liability carrier, Wisconsin Municipal, as the responsible carrier under the circumstances. Thus, West Bend impleaded as a third-party defendant, Wisconsin Municipal.

¶ 5. The policy issued to Kenosha county, the "Named Insured," by Wisconsin Municipal contains coverage for uninsured motorists. An uninsured motor vehicle is defined in the policy to include an underinsured motor vehicle.[1] Thus, it is undisputed that the Wisconsin Municipal policy contains underinsured motor vehicle (i.e., UIM) coverage. However, Wisconsin

---

[1] The policy states in relevant part that "Uninsured motor vehicle" means a land motor vehicle or trailer:

> For which the sum of all liability bonds or policies at the time of an "occurrence" provides at least the amounts required under the applicable law where a covered "auto" is principally garaged but their limits are less than the limit of the insurance provided by this endorsement.

669

Municipal's policy qualifies this coverage with its definition of "WHO IS INSURED?" under the uninsured/underinsured motorist endorsement. The policy provides "that no employee or volunteer of the Named Insured shall be considered an insured under this Endorsement."

¶ 6. Relying on its policy qualification, Wisconsin Municipal moved for summary judgment, arguing that because Ellifson was an employee of Kenosha county at the time of the accident, he was specifically excluded from UIM coverage.

¶ 7. West Bend argued that the October 19, 2000 accident in which Ellifson was involved resulted in "the very same issue [being] previously litigated among the very same parties in Kenosha County Case No. 03–CV–1194." Therefore, it argued, that claim and/or issue preclusion applied because in that case Judge Fisher declared that the UIM provision of Wisconsin Municipal's policy covered Ellifson. Thus, West Bend claimed Wisconsin Municipal is bound by that decision.

¶ 8. In the alternative, West Bend argued that Wisconsin Municipal's UIM coverage is illusory and contextually ambiguous.

¶ 9. The circuit court found that claim or issue preclusion does not apply and Wisconsin Municipal's UIM coverage was neither illusory nor contextually ambiguous. The court granted Wisconsin Municipal's motion for summary judgment and dismissed West Bend's third-party complaint against Wisconsin Municipal. West Bend appeals, renewing its arguments that claim and issue preclusion apply and, alternatively, that Wisconsin Municipal's UIM coverage is illusory and/or contextually ambiguous. We cannot agree with West Bend and uphold the order for summary judgment.

¶ 10. Whether summary judgment was appropriately granted presents a question of law that we review independently of the circuit court. *Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 266, 593 N.W.2d 445 (1999).

¶ 11. Application of the doctrine of claim preclusion is a question of law. *See Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 23, 282 Wis. 2d 582, 698 N.W.2d 738. The "doctrine of claim preclusion has three elements: (1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits." *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 21, 279 Wis. 2d 520, 694 N.W.2d 879 (citing *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 233–34, 601 N.W.2d 627 (1999)).

¶ 12. There is a two-step analysis for whether the doctrine of issue preclusion bars an action: (1) whether issue preclusion can, as a matter of law, be applied and, if so, (2) whether the application of issue preclusion would be fundamentally fair. *Estate of Rille v. Physicians Ins. Co.*, 2007 WI 36, ¶ 36, 300 Wis. 2d 1, 728 N.W.2d 693. In the first step, a circuit court must determine whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment. *Id.*, ¶ 37. In other words, issue preclusion refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action. *Northern States*

671

*Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995). The determination under the first step is a question of law. *Rille*, 300 Wis. 2d 1, ¶ 37. Issue preclusion can be applied *only* if this first step is satisfied. *Id.* If it is not, we do not reach the second step which, if reached, is reviewed as an exercise of discretion. *See id.*

¶ 13. Finally, the interpretation of an insurance policy presents a question of law that we review de novo. *Marotz v. Hallman*, 2007 WI 89, ¶ 33, 302 Wis. 2d 428, 734 N.W.2d 411. This de novo review includes our assessment as to whether the policy is contextually ambiguous and/or illusory. *See id.*; *see also Hoglund v. Secura Ins.*, 176 Wis. 2d 265, 268, 500 N.W.2d 354 (Ct. App. 1993).

¶ 14. A policy with UIM coverage "under which no benefits will ever be paid" is illusory. *Hoglund*, 176 Wis. 2d at 271. Further, a policy is illusory if it will never be triggered in practice. *Allstate Ins. Co. v. Gifford*, 178 Wis. 2d 341, 349, 504 N.W.2d 370 (Ct. App. 1993).

¶ 15. Contextual ambiguity exists when a provision is reasonably susceptible to more than one construction when read in the context of the policy's other language. *Folkman v. Quamme*, 2003 WI 116, ¶ 29, 264 Wis. 2d 617, 665 N.W.2d 857. "To prevent contextual ambiguity, a policy should avoid inconsistent provisions, provisions that build up false expectations, and provisions that produce reasonable alternative meanings." *Id.*, ¶ 31. For inconsistencies to alter the construction of an otherwise unambiguous provision, the inconsistencies must be "material to the issue in dispute

and be of such a nature that a reasonable insured would find an alternative meaning." *Id.*, ¶ 32.

¶ 16. We begin with West Bend's argument that claim and issue preclusion apply because Judge Fisher declared that the UIM provision of Wisconsin Municipal's policy covered Ellifson in a previous case in which both were parties. West Bend contends Wisconsin Municipal is bound by that decision. Wisconsin Municipal asserts that neither claim nor issue preclusion is applicable because there was no final judgment on the merits in the previous case. Wisconsin Municipal is correct.

¶ 17. Judge Fisher's denial of summary judgment and finding of insurance coverage under Wisconsin Municipal's policy does not bind Wisconsin Municipal because it was a nonfinal order and not a final judgment on the merits. By definition, a denial of summary judgment is not a final judgment. WISCONSIN STAT. § 808.03(1) (2005–06)[2] defines a final judgment as "a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties" and which is recorded. A trial court order denying summary judgment and finding insurance coverage is not a final order. *See K.W. v. Banas,* 191 Wis. 2d 354, 356, 529 N.W.2d 253 (Ct. App. 1995). While a grant of summary judgment is a conclusive and final judgment, *see Rille,* 300 Wis. 2d 1, ¶ 48, a denial of a motion for summary judgment is an interlocutory, nonfinal order insufficient to bind a defendant in subsequent actions.

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 18. Moving to the merits of the case, we hold that Wisconsin Municipal's UIM coverage is not illusory and that it is not contextually ambiguous. As we have already noted, it is undisputed that the policy issued to Kenosha county, the "Named Insured," by Wisconsin Municipal contains UIM coverage. However, Wisconsin Municipal's policy qualifies this coverage with its definition of "WHO IS INSURED?" under the uninsured/underinsured motorist endorsement. The policy provides "that no employee or volunteer of the Named Insured shall be considered an insured under this Endorsement." UIM coverage is illusory only if there are no circumstances under which benefits will ever be paid under the policy. *See Hoglund*, 176 Wis. 2d at 271. UIM coverage is not illusory where there are circumstances that can be reasonably foreseen in which the coverage will pay. *See Link v. General Cas. Co.*, 185 Wis. 2d 394, 401, 518 N.W.2d 261 (Ct. App. 1994).

¶ 19. There are certainly circumstances that can be reasonably foreseen in which Wisconsin Municipal's coverage will pay and it is therefore not illusory. A permissive user of a Kenosha county vehicle, as well as anyone liable for the conduct of that permissive user, is insured under the automobile liability coverage. Those same individuals are insureds under the UIM coverage except employees and volunteers of Kenosha county, such as Ellifson.[3] The people who can be reasonably

---

[3] The reason for the exclusion of employees and volunteers is discernible. Employees and volunteers, like Ellifson, are already entitled to worker's compensation benefits for injuries arising out of the course of their employment under Wis. Stat. § 102.07. The pleadings of this case reveal that Ellifson, as a deputy sheriff for Kenosha county, has already received worker's compensation benefits.

foreseen to benefit from Wisconsin Municipal's coverage are wide ranging. The circuit court correctly found that

> [Wisconsin Municipal's] coverage is not illusory because there are a number of individuals who would be eligible for coverage; including, for example, adult prisoners, juvenile detainees, arrestees, persons committed to mental facilities or taken to alcohol rehab[ilitation], non-employee family members, use of the vehicle in situations where there's a ride along program for the Boy Scouts or students learning about law enforcement activities, or anyone else who is riding along who is not an employee of Kenosha County.

> And noting that that kind of activity, transporting prisoners, transporting persons to mental health facilities, transporting juvenile detainees is something that occurs in my experience in this county on a daily basis. So, there are numerous opportunities and [a] significant number of persons who might be afforded coverage under that endorsement.

¶ 20. Furthermore, the relevant provision is not contextually ambiguous because it is not reasonably susceptible to more than one construction when read in the context of the policy's other language. *See Folkman*, 264 Wis. 2d 617, ¶ 29. There are no inconsistent provisions or provisions that build up false expectations. *See id.*, ¶ 31. The circuit court correctly summarized:

> The language in point here appears on page 2 of the uninsured and underinsured motorist coverage endorsement which describes who is insured. That is, any person qualifying under the Automobile Liability portion of the policy, except that no employee or volunteer of the Named Insured shall be considered an insured under this Endorsement.

> Frankly, I don't think there's any ambiguity at all in that language. It clearly sets forth that any person is

675

insured under that endorsement except employees or volunteers. So, I just don't see anything ambiguous about that language at all.

Neither do we.

¶ 21. Neither claim nor issue preclusion apply to the case at bar. In addition, Wisconsin Municipal's UIM coverage is neither illusory nor contextually ambiguous. Therefore, summary judgment was appropriate given these undisputed material facts: Ellifson was employed as a deputy sheriff by Kenosha county at the time of the accident and Wisconsin Municipal's policy language excludes employees of Kenosha county from underinsured motorist coverage.

*By the Court.*—Order affirmed.