Dee W. DAILEY, Dawn A. Dailey, and Paul A. Dailey,
a minor, by and through his Guardian ad Litem,
Plaintiffs,

v.

SECURA INSURANCE COMPANY, Defendant-
Respondent,†

WEA INSURANCE TRUST, Defendant-Appellant,

Joseph R. JUDAE, and Wisconsin Physician Service
Insurance Corp., Defendants.

Court of Appeals

No. 90-2077. *Submitted on briefs August 5, 1991.—Decided
September 17, 1991.*

(Also reported in 476 N.W.2d 299.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David L. Resnick* of *Kelly and Haus* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Glenn H. Hartley* of

*Schmitt, Hartley, Arndorfer & Koppelman, S.C.* of Merrill.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. W.E.A. Insurance Trust (WEAIT) appeals a summary judgment dismissing its claim against Secura Insurance Company to recover medical payments it made on behalf of Dee, Dawn and Paul Dailey. WEAIT, the Daileys' health insurer, alleges that it is entitled to recover amounts paid for the Daileys' medical expenses from Secura, the Daileys' automobile insurer, on the basis of subrogation.

We conclude that under the terms of WEAIT's subrogation clause and Secura's uninsured motorist provision, WEAIT is entitled to recover payments made for the Daileys' medical expenses from Secura. The trial court's judgment is therefore reversed and the matter remanded with directions to enter judgment in favor of WEAIT.

It is undisputed that the Daileys were injured in an automobile accident negligently caused by Joseph Judae, an uninsured motorist. Under the terms of the Daileys' health insurance policy, WEAIT paid $16,406.88 for medical expenses. The Daileys sued Judae, Secura under its uninsured motorist provision, and WEAIT. In turn, WEAIT brought a cross-claim against Secura to recover the $16,406.88. The Daileys settled their claim against Secura, exclusive of the medical expenses that WEAIT paid. After both Secura and WEAIT moved for summary judgment, the trial court dismissed WEAIT's subrogation claim against Secura. WEAIT appeals this judgment.

The methodology for reviewing a summary judgment has been set forth by this court many times, and it need not be repeated here. *See Grams v. Boss,* 97 Wis. 2d

332, 338, 294 N.W.2d 473, 476 (1980). "Our review of summary judgment is de novo." *Grosskopf Oil v. Winter,* 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517 (Ct. App. 1990).

WEAIT argues that it is entitled to recover payments made for the Daileys' medical expenses from Secura on the basis of subrogation. The right of subrogation can arise by statute, through equity or by contract. Statutory subrogation is a right that exists only against a wrongdoer. *Employers Health Ins. v. General Cas. Co.,* 161 Wis. 2d 937, 950–51, 469 N.W.2d 172, 177–78 (1991). Because an uninsured motorist insurer does not stand in the shoes of the uninsured motorist, it is not a wrongdoer and statutory subrogation cannot exist against it. *Id.* Thus, only contractual or equitable subrogation can exist against Secura.

We first address the question of whether WEAIT has a contractual right of subrogation against Secura on the basis of the insurance policies issued to the Daileys. An insurance contract is to be construed as it would be understood by a reasonable person in the position of the insured, and the policy language is to be given its common and ordinary meaning. *Reserve Life Ins. Co. v. La Follette,* 108 Wis. 2d 637, 645, 323 N.W.2d 173, 177 (Ct. App. 1982).

WEAIT's health insurance policy issued to the Daileys includes a subrogation clause that provides in part:

> [T]he Company shall be subrogated to the rights, claims, interest and causes of action which the Covered Participant may have against *any party who may be liable* for injury, illness or other loss of the

Covered Participant, to the extent that the Company has provided Benefits for such injury, illness or other loss under the Policy. (Emphasis added.)

Under this clause, WEAIT has the right of subrogation against *any* party who is liable for the injury or other loss of the Daileys. Thus, to the extent that WEAIT has paid the Daileys, it succeeds to the Daileys' rights to recover from *any* party who is liable.

Recently, in *Employers Health,* 161 Wis. 2d at 942, 469 N.W.2d at 174, the Wisconsin Supreme Court held that a health insurer could not maintain a subrogation action to recover medical payments made on behalf of its insured against its insured's uninsured motorist carrier. The supreme court based its conclusion on the language of the health insurer's subrogation clause. The clause provided that the health insurer had the right "to recover damages from a 'responsible third party.' " *Id.* at 945, 469 N.W.2d at 175. The court interpreted "responsible third party" as referring to the wrongdoer causing the insured's injury or illness. *Id.* at 946–47, 469 N.W.2d at 176. Thus, because the uninsured motorist carrier was not the wrongdoer, it was not a responsible third party and no right of subrogation could exist against it. *Id.* at 947, 469 N.W.2d at 176.

Unlike the subrogation clause in *Employers,* the language of WEAIT's subrogation clause is much broader. WEAIT's right of subrogation exists against any party who may be liable for injury, illness or other loss of the Daileys. "Any party who may be liable" is not limited to wrongdoers. Rather, this phrase includes insurers, who by their contracts are liable to their insureds for their insureds' injuries or losses.

Thus, we next determine whether Secura is liable for the Daileys' injury or other loss under its insurance

policy. The uninsured motorist provision in Secura's policy provides in part:

> We will *pay damages which an insured person is legally entitled to recover* from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured person and caused by an accident. (Emphasis added.)

In *Niemann v. Badger Mut. Ins. Co.*, 143 Wis. 2d 73, 78, 420 N.W.2d 378, 380 (Ct. App. 1988), uninsured motorist coverage is described as a substitute for insurance that the tortfeasor should have had. Furthermore, the policy behind uninsured motorist coverage "is to afford persons injured by an uninsured motorist the same protection the person would have had if the motorist were insured." *Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 601, 405 N.W.2d 327, 335 (1987).

It is uncontested that Judae negligently caused the accident and that the Daileys sustained bodily injuries as a result. Thus, the Daileys are legally entitled to recover those damages from Judae who operated the uninsured motor vehicle. Consequently, under the terms of its uninsured motorist provision, Secura is a party liable for the damages that the Daileys sustained, including medical expenses. *See Radlein v. Industrial Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 621-22, 345 N.W.2d 874, 883 (1984).

It follows therefore that because WEAIT paid the Daileys' medical expenses, under the subrogation clause it succeeds to the Daileys' rights to seek reimbursement from Secura, a party who is liable for the medical expenses. *See Cunningham v. Metropolitan Life Ins. Co.*, 121 Wis. 2d 437, 443-44, 360 N.W.2d 33, 36 (1985).

We need not address WEAIT"s other arguments because we conclude that it has a right to recover the payments made for the Daileys' medical expenses from Secura under its subrogation clause.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment in favor of WEAIT.