CONTINENTAL CASUALTY COMPANY, Plaintiff-Respondent,

v.

John HOMONTOWSKI, Bruce Homontowski, d/b/a D & J Salvage & Wrecking and Scottsdale Insurance Company, Defendants-Appellants.

Court of Appeals

*No. 93–0362–FT. Submitted on briefs September 2, 1993.—Decided December 14, 1993.*

(Also reported in 510 N.W.2d 743.)

For the defendants-appellants the cause was submitted on the briefs of *Schuch and Stilp* by *Scott R. Winkler*, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Law Offices of Mark H. Miller* by *David M. Victor*, of Brookfield.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J. John and Bruce Homontowski, d/b/a D & J Salvage & Wrecking, and Scottsdale Insurance Company (collectively "the Homontowskis") appeal from a judgment for $32,396.10 in favor of Continental Casualty Company. The Homontowskis

contend that the trial court erred when it failed to grant summary judgment in their favor. The trial court instead granted Continental Casualty partial summary judgment, holding that a waiver-of-subrogation clause in a contract between the Homontowskis and Continental Casualty's insured, CFM Building Partnership, was void and unenforceable. We conclude that the trial court erred when it granted Continental Casualty partial summary judgment and denied the Homontowskis summary judgment. We therefore reverse the trial court's judgment.

## I. BACKGROUND

Continental Casualty was an insurer for CFM Building Partnership. CFM's insurance contract with Continental Casualty contained a standard policy provision entitled "Transfer of Rights of Recovery Against Others to Us." That provision stated:

> If any person or organization to or for whom we make payment under this insurance has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "loss" to impair them.

The salvage company owned and operated by the Homontowskis contracted to perform demolition work inside a CFM building. The contract between the Homontowskis and CFM contained the following provision:

> The owner and contractor waive all rights against ... each other and any of their subcontractors, subsubcontractors, agents and employees, each of the other ... for damages caused by fire or other perils

> to the extent covered by property insurance. . . . [A]
> waiver of subrogation shall be effective as to a per-
> son or entity even though that person or entity
> would otherwise have a duty of indemnification,
> contractual or otherwise, did not pay the insurance
> premium directly or indirectly, and whether or not
> the person or entity had an insurable interest in the
> property damage.

In January 1990, the CFM building on which the Homontowskis were working was damaged in a fire caused by the Homontowskis' negligence. Continental Casualty paid CFM $33,157.60 for damages caused by the fire. Continental Casualty then sued the Homontowskis to recover the amount it paid to CFM.

The Homontowskis moved the trial court for summary judgment based on the waiver-of-subrogation clause in their contract with CFM. The trial court denied the Homontowskis' motion, holding that the subrogation waiver between the Homontowskis and CFM was void and unenforceable against Continental Casualty. The trial court reasoned that the waiver was unenforceable against Continental Casualty because CFM had not notified Continental Casualty that it had waived the right to pursue damages from the Homontowskis.

The parties subsequently stipulated to the underlying facts and the trial court entered judgment on behalf of Continental Casualty. Thus, the only issue on appeal is whether CFM's agreement to waive its rights to pursue the Homontowskis for damages precluded Continental Casualty from pursuing its subrogation claim against the Homontowskis.

## II. DISCUSSION

This appeal turns on the provisions of the insurance contract between Continental Casualty and CFM. Construction of an insurance contract is a question of law and is, therefore, subject to *de novo* review. *Kaun v. Industrial Fire & Cas. Ins. Co.*, 148 Wis. 2d 662, 667, 436 N.W.2d 321, 323 (1989). "Insurance contracts are controlled by the same rules of construction as are applied to other contracts." *Id.* at 668, 436 N.W.2d at 324. When the terms of an insurance contract are unambiguous, we will not rewrite the contract, but will simply apply the contract as written to the facts of the case. *Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 735-36, 351 N.W.2d 156, 163 (1984).

The portion of the insurance contract between CFM and Continental Casualty at issue here is plain and unambiguous because it is not "reasonably susceptible of more than one construction from the viewpoint of a reasonable person of ordinary intelligence in the position of the insured." *Schroeder v. Blue Cross & Blue Shield*, 153 Wis. 2d 165, 174, 450 N.W.2d 470, 473 (Ct. App. 1989). The provision specifically provides that *if* Continental Casualty makes a payment to CFM *and* CFM *has the right to recover damages from another*, then those rights are transferred to Continental Casualty. The provision prohibits CFM from taking action to impair Continental Casualty's subrogation rights "after loss." The clause also indicates that Continental Casualty succeeds to its insured's right to recover damages only after it makes payment to its insured. Here, CFM waived its right to pursue the Homontowskis for negligence at the time it entered into the demolition

133

contract and prior to any loss caused by the Homontowskis' negligence.

Continental Casualty would have this court hold that an insured's waiver of the insurer's subrogation rights without the insurer's knowledge and consent is void and unenforceable as a matter of law. In support of this position it cites several cases from other jurisdictions. *See, e.g., St. Paul Fire and Marine Ins. Co. v. Amerada Hess Corp.*, 275 N.W.2d 304, 308 (N.D. 1979); *ICC Indus., Inc. v. GATX Terminals Corp.*, 690 F. Supp. 1283, 1286 (S.D.N.Y. 1988); *Aluminum Product Distribs., Inc. v. AAAcon Auto Transp., Inc.*, 404 F. Supp. 1374, 1377 (W.D. Okla. 1975).

Each of these and other cases cited by Continental Casualty hold that an insured's waiver of the insurer's subrogation rights was void and unenforceable when it was carried out without the insurer's permission. Most of the cases cited by Continental Casualty, however, do not discuss the specific language of the insurance contract; in those cases that do discuss the insurance contract, the court notes that the language of the insurance contract itself requires the insured to obtain the insurer's permission before waiving the insurer's subrogation rights. For example, in the *Aluminum Product* case, the court noted that the insurance contract specifically provided that "[t]he subrogation rights of the insurance company may not be defeated by a contract to which it was not a party, and especially where such a contract would be in violation of the terms of the insurance policy itself." *Aluminum Product Distribs.*, 404 F. Supp. at 1377. Similarly, in the *ICC Indus.* case, the court stated: "It does not appear that [ICC, the insured] could have obtained [a waiver of the insurer's subrogation rights] inasmuch as its insurance policy — which was already in place when the insured entered into [an]

134

... agreement with [a third party] — contained a clause expressly prohibiting ICC from waiving the insurer's subrogation rights." *ICC Indus.*, 690 F. Supp at 1286.

In Wisconsin:

> [W]hen parties to a contract adopt a provision which does not contravene a principle of public policy, and which contains no element of ambiguity, the court has no right, by a process of interpretation, to relieve one of them from any disadvantageous terms which he has actually made.

*Dykstra v. Arthur G. McKee & Co.*, 92 Wis. 2d 17, 38, 284 N.W.2d 692, 703 (Ct. App. 1979), *aff'd*, 100 Wis. 2d 120, 301 N.W.2d 201 (1981), *quoting Algrem v. Nowlan*, 37 Wis. 2d 70, 79, 154 N.W.2d 217, 221 (1967). Here, rather than drafting a contract that prohibited CFM from impairing its subrogation rights at any time, Continental Casualty required CFM to secure its rights and do nothing to impair those rights after a loss occurred. We may not relieve Continental Casualty of these disadvantageous contractual terms.

It is a well-settled principle that Continental Casualty could pursue a subrogation claim against the Homontowskis *only if* CFM has the right to recover against them. *See Queen Ins. Co. of America v. Kaiser*, 27 Wis. 2d 571, 574, 135 N.W.2d 247, 248 (1965) (insurer cannot recover under its subrogation agreement with the insured unless insured had right to recovery). CFM waived its rights to recover against the Homontowskis prior to the loss. Because the insurance contract did not prohibit that waiver, Continental Casualty has no right to pursue the Homontowskis.

The trial court should have granted the Homontowskis summary judgment based on the lan-

135

guage of the insurance contract and on the subrogation waiver in the contract between CFM and the Homontowskis. We therefore reverse the judgment and remand this matter to the trial court for entry of a judgment in favor of the Homontowskis.

*By the Court.*—Judgment reversed and cause remanded with instructions.