WEA Insurance Corporation, Plaintiff-Respondent,

Frederick Schuler, Involuntary-Plaintiff,

v.

Joseph W. Freiheit, Defendant,

American Family Mutual Insurance Company,
Defendant-Appellant.†

Court of Appeals

*No. 94–0324. Submitted on briefs October 17, 1994.—Decided
December 7, 1994.*

(Also reported in 527 N.W.2d 363.)

†Petition to review denied.

On behalf of the defendant-appellant, American Family Mutual Insurance Company, the cause was submitted on the briefs of *Karen L. Coon*, of Milwaukee.

On behalf of the plaintiff-respondent, WEA Insurance Corporation, the cause was submitted on the brief of *David L. Resnick* of *Kelly and Haus* of Madison.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J.   This case concerns a subrogation dispute between two insurance companies, WEA Insurance Company, a subrogee health insurance carrier, and American Family Mutual Insurance Company, an uninsured motorist carrier. The circuit court upheld WEA's contractual right of subrogation over American Family's uninsured motorist policy language eliminating such right. We affirm the summary judgment.

## FACTS

The facts are straightforward and undisputed. WEA provided Frederick Schuler with medical insurance. American Family provided Schuler with motor vehicle insurance, including uninsured motorist coverage. While stopped at a red light, Schuler was struck from behind by the operator of an uninsured vehicle. Schuler was injured and incurred medical expenses which WEA paid.

WEA's medical insurance policy with Schuler included a right of subrogation to those claims which Schuler might have against "any party who may be liable for the injury . . . or other loss." Relying upon this right of subrogation, WEA sought recovery of these payments under American Family's uninsured motorist coverage. American Family rejected WEA's claim, relying on the uninsured motorist policy provisions which defined an insured person. These provisions excluded "a person . . . claiming by right of . . . subrogation."[1]

The circuit court held that American Family's uninsured motorist policy provisions violated

---

[1] American Family's uninsured motorists coverage provides in part:

§ 632.32(4)(a), STATS., which mandates uninsured motorist coverage and which recognizes the right of "persons injured" to recover under such coverage.[2] The

## PART III - UNINSURED MOTORISTS COVERAGE

**You** have this coverage if Uninsured Motorist coverage is shown in the declarations.

**We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**. The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the **use** of the **uninsured motor vehicle**.

. . ..

### ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

1. **Insured person** means:
    a. **You** or a **relative**.
    b. Anyone else **occupying your insured car**.
    c. Anyone, other than a person or organization claiming by right of assignment or subrogation, entitled to recover damages due to **bodily injury** to **you**, a **relative**, or another occupant of **your insured car**.

[2] Section 632.32(4)(a), STATS., provides:

(4) REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:

(a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident. The insurer may increase the coverage limits provided under this paragraph up to the bodily injury liability limits provided in the policy.

2. In this paragraph "uninsured motor vehicle" also includes:

a. An insured motor vehicle if before or after the accident the liability insurer of the motor vehicle is declared insolvent by a court of competent jurisdiction.

court also held that the provision was an illegal reducing clause pursuant to *Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 405 N.W.2d 327 (1987).

## DISCUSSION

The appellate issue is whether the uninsured motorist provisions of an insurance policy may eliminate the right of subrogation. Although the parties dispute the correctness of the circuit court's ruling, they do not dispute that the court appropriately resolved the issue via summary judgment. Summary judgment is an appropriate method by which to determine insurance policy coverage and our review is independent. *See Home Ins. Co. v. Phillips*, 175 Wis. 2d 104, 109-10, 499 N.W.2d 193, 196 (Ct. App. 1993).

### 1. The Case Law Background

We begin with a discussion of the case law which provides the legal background to the issue before us. In *Employers Health Ins. v. General Casualty Co.*, 161 Wis. 2d 937, 469 N.W.2d 172 (1991), the Wisconsin Supreme Court ruled that a health insurance policy which recited a right of subrogation against a "responsible third party" did not confer a right of subrogation against an uninsured motorist carrier. *Id.* at 950, 469 N.W.2d at 177. The court reasoned that an uninsured motorist insurer was not the wrongdoer and therefore did not stand in the shoes of the tortfeasor. *Id.* at 950-51, 469 N.W.2d at 177-78. Thus, the court concluded

---

b. An unidentified motor vehicle involved in a hit-and-run accident.

3. Insurers making payment under the uninsured motorists' coverage shall, to the extent of the payment, be subrogated to the rights of their insureds.

116

that the insurance policy language did not create a contractual right of subrogation against the uninsured motorist carrier. *Id.* at 955, 469 N.W.2d at 179.

However, in a later case, *Dailey v. Secura Ins. Co.*, 164 Wis. 2d 624, 476 N.W.2d 299 (Ct. App. 1991), the court of appeals held that a health insurance policy which recited a right of subrogation "against any party who may be liable" did confer a contractual right of subrogation against an uninsured motorist carrier. *Id.* at 629, 476 N.W.2d at 301. The court noted that the subrogation language before it was broader than that in *Employers Health. Dailey*, 164 Wis. 2d at 629, 476 N.W.2d at 301. The court held that this broader language took in more than wrongdoers. Instead, the court concluded that "this phrase includes insurers, who by their contracts are liable to their insureds for their insureds' injuries or losses." *Id.*

WEA's subrogation language mirrors that before the court of appeals in *Dailey*. To this extent, American Family concedes that *Dailey* supports WEA's subrogation claim in this case. However, American Family points out that this case has an extra ingredient not present in *Dailey*, namely, the American Family policy provision that an "insured person" for uninsured motorist purposes excludes "a person or organization claiming by right of assignment or subrogation." Relying on this language, American Family contends that *Dailey* does not apply and, instead, its contractual elimination of WEA's contractual subrogation right must be honored. The task before us is to decide which contract prevails.

To do so we look, as did the circuit court, to § 632.32(4)(a), STATS. This statute provides that uninsured motorist coverage must be included in a liability insurance policy "[f]or the protection of persons injured

117

who are legally entitled to recover damages." The question is whether WEA is a "person[ ] injured" within the meaning of this statute.

Subrogation puts one to whom a particular right does not legally belong in the position of the legal owner of that right. *Garrity v. Rural Mut. Ins. Co.*, 77 Wis. 2d 537, 541, 253 N.W.2d 512, 514 (1977). " 'Subrogation is the right of the insurer to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss paid by the insurer.' " *Millers Nat'l Ins. Co. v. City of Milwaukee*, 177 Wis. 2d 573, 580, 503 N.W.2d 284, 287 (Ct. App. 1993) (quoting 16 GEORGE J. COUCH, COUCH CYCLOPEDIA OF INSURANCE LAW 61:1 (2d ed. rev. vol. 1983)), *aff'd*, 184 Wis. 2d 155, 516 N.W.2d 376 (1994). The right of subrogation can arise by statute, through equity or by contract. *Millers Nat'l*, 177 Wis. 2d at 580-81, 503 N.W.2d at 287. One insurer may assert a claim against another insurer on the basis of contractual subrogation. *See id.* at 581, 503 N.W.2d at 287.

Section 632.32(4)(a), STATS., is designed "[f]or the protection of *persons injured* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease." (Emphasis added.) Clearly, Schuler was an injured person within the meaning of this statute. *See id.* Schuler's policy with WEA gave WEA a contractual right of subrogation to the rights, claims, interests and causes of action which Schuler had against "any party who may be liable for the injury, illness or other loss of the covered participant." As such, WEA succeeded to the ownership of Schuler's right to seek reimburse-

ment for his medical expenses. *See Dailey*, 164 Wis. 2d at 630, 476 N.W.2d at 301. From this it logically follows that WEA also succeeded to the "persons injured" status which Schuler held under the statute.

American Family seeks to circumvent the mandates of § 632.32(4)(a), STATS., by excluding all subrogated parties from recovering under its uninsured motorist provision. This it cannot do under the law. As the circuit court correctly noted, an insurance policy may expand the coverage required by the uninsured motorist statute, but it may not reduce it. *See Nicholson*, 137 Wis. 2d at 604-05, 405 N.W.2d at 336. In addition, where a contractual provision is in direct conflict with a statute, the statute governs. *Milwaukee Police Ass'n v. City of Milwaukee*, 113 Wis. 2d 192, 196, 335 N.W.2d 417, 419 (Ct. App. 1983). The statute recites the public policy of this state on the matter of uninsured motorist coverage. The circuit court correctly held that American Family's policy provisions violated this public policy.

In the interest of completeness, we conclude with a discussion of an issue which was not cited to the circuit court nor addressed to us by the parties.

In *Continental Casualty Co. v. Homontowski*, 181 Wis. 2d 129, 510 N.W.2d 743 (Ct. App. 1993), a property insurance policy required that the insured/owner "do everything necessary to secure [the insurer's] rights and must do nothing after 'loss' to impair them." *Id.* at 131, 510 N.W.2d at 744. The insured/owner then entered into a contract with a demolition contractor. The contract included a provision whereby the insured/owner and the contractor waived all rights against each other, including a waiver of subrogation. *Id.* at 131-32, 510 N.W.2d at 744-45. During the course

119

of the demolition work, the property was damaged by fire caused by the contractor's negligence.

The insurer paid the insured/owner for the loss and then sought subrogation against the contractor. The court of appeals held that the waiver of subrogation provision in the contract between the insured/owner and the contractor was a valid waiver of the insurer's subrogation rights, *id.* at 135, 510 N.W.2d at 746, despite the requirement in the insurance policy that the insured "do everything necessary to secure [the insurer's] rights and must do nothing after 'loss' to impair them," *id.* at 131, 510 N.W.2d at 744.

However, the court of appeals in *Continental Casualty* also stated that if the insurance contract had prohibited the insured from impairing its subrogation rights at any time, such would have been sufficient to preserve the insurer's right of subrogation. *See id.* at 135, 510 N.W.2d at 746. In this case, WEA's insurance policy bars the insured from "[taking] any action to prejudice the rights of the Company, to the extent of Benefits paid by the Company." No time limitation is placed on this prohibition against the insured. Although this language is different than that suggested by *Continental Casualty*, it functionally recites the same prohibition. Thus, even apart from the uninsured motorist statute, we uphold WEA's right of subrogation on this additional ground.

*By the Court.*—Judgment affirmed.