Donald L. DEMMER and Kathryn A. Demmer,
Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., Defendant-
Respondent,†

WISCONSIN PHYSICIANS SERVICE INSURANCE CORP.,
Defendant,

WISCONSIN HEALTH ORGANIZATION INSURANCE CORP. and
Primecare Health Plan, Inc., Defendants-Appellants.

Court of Appeals

*No. 95–0415. Submitted on briefs October 4, 1995.—Decided
January 16, 1996.*

(Also reported in 546 N.W.2d 169.)

†Petition to review denied.

For defendants-appellants Wisconsin Health Organization Insurance Corp. and Primecare Health

Plan, Inc., the cause was submitted on the briefs of *John K. Garofani* of *Mitchell, Baxter, O'Meara & Mathie, S.C.*, of Milwaukee.

For defendant-respondent American Family Mutual Insurance Company the cause was submitted on the briefs of *Terrence R. Berres* of *American Family Mutual Insurance Company*, of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SULLIVAN, J. Wisconsin Health Organization Insurance Corporation and PrimeCare Health Plan, Inc. ("WHO" and "PrimeCare"), health insurers for Donald L. Demmer, appeal from a summary judgment dismissal of their subrogation cross-claims against American Family Mutual Insurance Company, issuer of an underinsured motorist (UIM) policy. They present the following issue for review:

> Where a health insurer's subscriber is an insured under an underinsured motorist policy, and where the health insurer is contractually subrogated to and has a right of reimbursement from its subscriber, and where the underinsured motorist policy excluded subrogated parties as "insured persons," may the health insurer nonetheless recover from the underinsured motorist coverage?

The trial court answered no and dismissed WHO and PrimeCare's subrogation cross-claims against American Family. Our recent decision in *WEA Insurance Corporation v. Freiheit*, 190 Wis. 2d 111, 527 N.W.2d 363 (Ct. App. 1994), controls our resolution of this appeal, and thus, as is fully discussed below, we must reverse that portion of the judgment that dismissed WHO's cross-claim against American Family, affirm

that portion of the judgment which dismissed Prime-Care's cross-claim against American Family, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND.

On September 23, 1990, Timothy L. Hughes and Ann Marie Parker collided in an automobile accident. Hughes's passenger, Demmer, sustained injuries requiring medical treatment. WHO, Demmer's health insurer, paid $7,717.90 for his medical expenses. Thereafter, PrimeCare replaced WHO as Demmer's health insurer and paid $6,529.79 in medical expenses. American Family was the UIM insurer for Hughes.

Demmer filed suit against, *inter alia,* American Family. He subsequently settled with Parker and her insurer for $50,000, and with American Family for $25,000. Demmer's settlement with American Family provided no funds to reimburse WHO and PrimeCare's subrogated claims. WHO and PrimeCare cross-claimed against American Family for Demmer's medical expenses. American Family filed a motion for summary judgment dismissal of the subrogation claims, arguing that its UIM insurance contract with Hughes excluded coverage for parties seeking subrogation claims. The trial court agreed with American Family, citing our opinion in *Gurney v. Heritage Mutual Insurance Co.,* 183 Wis. 2d 270, 515 N.W.2d 526 (Ct. App. 1994), and dismissed the action.

## II. ANALYSIS.

Our methodology for reviewing a motion for summary judgment has been stated many times, and we need not repeat it here. *Grams v. Boss,* 97 Wis. 2d 332,

338, 294 N.W.2d 473, 476 (1980). We do note, however, that our review is *de novo. Kotecki & Radtke, S.C. v. Johnson*, 192 Wis. 2d 429, 436, 531 N.W.2d 606, 609 (Ct. App. 1995).

WHO and PrimeCare argue that they are entitled to recover payments made for Demmer's medical expenses from American Family on the basis of subrogation. "The right of subrogation can arise by statute, through equity or by contract." *Dailey v. Secura Ins. Co.*, 164 Wis. 2d 624, 628, 476 N.W.2d 299, 300 (Ct. App. 1991), *holding limited by, Millers Nat. Ins. Co. v. City of Milwaukee*, 184 Wis. 2d 155, 516 N.W.2d 376 (1994). Because WHO and PrimeCare assert only a contractual right of subrogation against American Family, we need not address statutory or equitable rights of subrogation.

We first review the relevant insurance policies. "An insurance contract is to be construed as it would be understood by a reasonable person in the position of the insured, and the policy language is to be given its common and ordinary meaning." *Id.* WHO's health insurance policy with Demmer contained a subrogation clause, which provided in relevant part:

> Subrogation means that the Plan shall have the same right as an Enrollee to recover expenses for treatment of an injury or illness for which another person or organization is legally liable. To the extent the Plan provides services in such situations, the Plan will be subrogated to all of the Enrollee's rights of recovery against the responsible person or organization. The Enrollee is required to execute and deliver any instruments and papers and do whatever else is necessary to secure these rights. The Enrollee agrees to take no action, without the

Plan's consent, which would prejudice the rights and interests of the Plan.

PrimeCare's policy with Demmer included a similar provision:

> Benefits shall be paid under this Contract notwithstanding a Covered Person is injured and may have the right to recover damages from another person or business entity. In such cases, PrimeCare has the right to recover benefits it has paid through subrogation. PrimeCare shall be subrogated to the limit of its liability to all rights of recovery which the Covered Person . . . may have against any individual or business entity in accordance with the laws of the state of Wisconsin. PrimeCare recognizes the insured's right to be made whole. PrimeCare's right of subrogation shall be limited to the excess of the amount required to fully compensate the Covered Person after taking into consideration the Covered Person's comparative negligence, if any. Whether the insured is made whole shall be measured on an objective, case-by-case basis. The Covered Person or representative of the Covered Person shall cooperate fully with PrimeCare in recovering its paid benefits.

Finally, American Family's UIM coverage provision stated:

> **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**. The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the use of the **uninsured motor vehicle**.

The policy defined "insured person" as:

99

a. **You** or a **relative.**

b. Anyone else **occupying your insured car.**

c. Anyone, other than a person or organization claiming by right or assignment or subrogation, entitled to recover damages due to **bodily injury to you,** a **relative** or another occupant of **your insured car.**

The trial court, in construing the insurance policies, determined that WHO and PrimeCare's policies with Demmer provided for a contractual right of subrogation. We agree with the trial court's conclusion on this point. In *Dailey,* this court concluded that the broad subrogation clause language of a health insurance policy granted the insurer subrogation rights against any party liable for injuries to its insured, including an uninsured motorist (UM) carrier, that was liable for injuries to the insured. *Dailey,* 164 Wis. 2d at 629-30, 476 N.W.2d at 301. The WHO and PrimeCare policies contain broad subrogation language similar to the policy in *Dailey.* Thus, because WHO and PrimeCare paid Demmer's medical expenses, under the subrogation clause, they succeed to Demmer's rights to recover from American Family. *See id.* at 630, 476 N.W.2d at 301.

American Family, however, argues that its UIM policy specifically excluded subrogated parties from its definition of "insured persons" under the policy. Therefore, even if WHO and PrimeCare's policies with Demmer gave it a right of subrogation, the specific language of the UIM policy prevents WHO and PrimeCare from recovering because, as subrogated parties, they are not "insured persons." The trial court agreed

100

with American Family, basing its conclusion on our opinion in *Gurney*.

In *Gurney*, after concluding that a health insurance policy provided subrogation rights similar to *Dailey*, we evaluated the UIM policy language to determine whether the subrogated party was an "insured person" under the policy. *Gurney*, 183 Wis. 2d at 276-77, 515 N.W.2d at 529-30. We concluded that the policy language did include a subrogated party within its definition of "insured person." *Id*. The trial court in the case at bar concluded that because the specific language of the American Family UIM policy excluded subrogated parties from its definition of "insured person," under *Gurney*, WHO and PrimeCare could not recover from American Family.

Concurrent to the trial court's decision, this court decided *WEA*. The issue in *WEA* was nearly identical to the present case, except that it involved an American Family UM policy. *See WEA*, 190 Wis. 2d at 114, 527 N.W.2d at 364. American Family as UM carrier argued that its UM policy excluded subrogated parties from its definition of "insured person." Therefore, American Family argued that an insured's health insurer could not recover from American Family through subrogation those medical expenses that it paid on behalf of the insured. *Id*. at 117, 527 N.W.2d at 365. We rejected this argument, concluding in part that such UM policy language violated the public policy of § 632.32(4)(a), STATS. (1991-92), which mandated uninsured motorist coverage and which recognized the right of "persons injured" to recover under such coverage. *Id*. at 119, 527 N.W.2d at 366.

What distinguishes the case at bar from *WEA* is the fact that while UM policies are required by statute

in Wisconsin, *see* § 632.32(4)(a), STATS. (1991-92), UIM policies are not. Hence, the public policy basis in *WEA* for rejecting American Family's argument with regard to its subrogated party exclusion in its UM policies is not applicable in the present case, which focuses on a UIM policy.

Our analysis in *WEA* did not stop, however, solely with our conclusion that the American Family UM policy language violated the public policy of § 632.32(4)(a), STATS. (1991-92). We also concluded that because the health insurance policy at issue contained language which "prohibited the insured from impairing [the insurer's] subrogation rights at any time," the language was "sufficient to preserve the insurer's right of subrogation," irrespective of the UM policy exclusion. *WEA,* 190 Wis. 2d at 120, 527 N.W.2d at 366 (citing *Continental Casualty Co. v. Homontowski,* 181 Wis. 2d 129, 510 N.W.2d 743 (Ct. App. 1993)). Our analysis in *WEA* applies to the issue in this case as well.

If WHO and PrimeCare's health insurance policies with Demmer contain language which prohibits Demmer from impairing their subrogation rights at any time, their subrogation rights are preserved notwithstanding the American Family UIM policy language. *See id*. at 120, 527 N.W.2d at 366-67.

■

The subrogation clause of the WHO health insurance contract provides: "The Enrollee agrees to take no action, without the Plan's consent, which would prejudice the rights and interests of the Plan." Like the contract language in *WEA*, the WHO contract with Demmer "functionally recites" the preservation of WHO's subrogation rights without any time limitation. *Id*. at 120, 527 N.W.2d at 367; *see also Continental Casualty,* 181 Wis. 2d at 135, 510 N.W.2d at 746. Thus,

WHO's subrogation rights, preserved by the health insurance policy, prevails over American Family's UIM policy exclusion. *See WEA,* 190 Wis. 2d at 117, 527 N.W.2d at 365 ("The task before us is to decide which contract prevails.").

The subrogation clause of PrimeCare's health insurance policy contains no "prohibition" language similar to *WEA* or *Continental Casualty*. The clause states: "The Covered Person or representative of the Covered Person shall cooperate fully with PrimeCare in recovering its paid benefits." This language presents an affirmative duty on the part of Demmer to cooperate in recovering any paid benefits, not a prohibition on conduct that harms the rights or interests of Prime-Care. Because the insurance contract with Demmer does not possess a "functional" recitation of the prohibitory language discussed in *WEA* and *Continental Casualty,* the health insurance contract does not preserve PrimeCare's subrogation rights over the specific policy exclusion in the American Family contract. Accordingly, PrimeCare's health insurance contract does not prevail over American Family's UIM policy. *See id.*

### III. SUMMARY.

We must reverse that portion of the judgment that dismissed WHO's cross-claim against American Family, because we conclude that WHO preserved valid subrogation rights under its health insurance policy language that prevail over the specific exclusion in American Family's UIM policy. We affirm that portion of the judgment that dismissed PrimeCare's cross-claim against American family because its health insurance policy did not preserve subrogation rights

over the specific exclusion in the American Family UIM policy. Accordingly, we remand the matter to the trial court for further proceedings consistent with this opinion.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded.