Tricia JANSSEN, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COM-
PANY, Defendant-Respondent.

Court of Appeals

*No. 01–1302. Submitted on briefs December 10, 2001.—Decided
February 12, 2002.*

2002 WI App 72

(Also reported in 643 N.W.2d 857.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Stephen C. Dozer* of *McCarty, Curry, Wydeven, Peeters & Haak, LLP* of Kaukauna.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Patrick J. Coffey* of *Menn, Teetaert & Beisenstein, Ltd.* of Appleton.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Tricia Janssen appeals from a summary judgment in favor of State Farm Mutual Automobile Insurance Company. Janssen argues that the circuit court erroneously interpreted State Farm's uninsured motorist policy to permit State Farm to reduce its uninsured motorist liability by the amount of uninsured motorist payments Janssen received from another carrier. We conclude that the policy's reducing clause applies to payments made by and on behalf of tortfeasors, and does not apply to payments made by other uninsured motorist carriers. Therefore, State Farm should not have been allowed to reduce its liability. We reverse the summary judgment and remand for further proceedings.

## STATEMENT OF FACTS

¶ 2. For purposes of the summary judgment motion, the facts were undisputed. Janssen was a passenger in one of two automobiles that were involved in an accident. The drivers of both automobiles were uninsured. Janssen filed a claim with her insurance company, Leader National Insurance Company, for the injuries she sustained in the accident. She settled with Leader for the $25,000 limit of her uninsured motorist policy.

¶ 3. State Farm provided uninsured motorist coverage to Janssen's parents and to members of their household, including Janssen. Thus, Janssen also filed a claim for uninsured motorist benefits under her

663

parents' State Farm policy. State Farm denied the claim, asserting that Janssen was not entitled to the policy's $25,000 uninsured motorist coverage because State Farm's liability was reduced by the $25,000 in uninsured motorist benefits that Janssen received from Leader. Specifically, State Farm asserted that Leader was an organization "legally responsible" for Janssen's bodily injury and, therefore, State Farm's reducing clause applied.

¶ 4. Janssen sued State Farm, which moved for summary judgment on the grounds that its reducing clause barred additional recovery. In response, Janssen argued that the reducing clause language stating that amounts paid to the insured "by or on behalf of any <person> or organization that may be legally responsible for the <bodily injury>" referred to tortfeasors and their insurers, and not to payments from other uninsured motorist carriers.[1]

¶ 5. The circuit court observed that State Farm's policy language was consistent with Wis. Stat. § 632.32(5)(i)1, which expressly permits insurers to reduce uninsured or underinsured motorist coverage for bodily injury by "[a]mounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made."[2] *Id.* The court concluded that this statutory language suggests that the reduction is not limited to payments by and on behalf of the tortfeasor. The court concluded that State Farm's liability was

---

[1] The reducing clause was an endorsement to the original policy. The endorsement explains that terms appearing in angle brackets originally appeared as bold, italicized, or defined terms in the original policy.

[2] All statutory references are to the 1999–2000 version unless otherwise noted.

reduced by the uninsured motorist benefits Janssen received from Leader and dismissed Janssen's complaint. After the court denied Janssen's motion for reconsideration, this appeal followed.

### STANDARD OF REVIEW

¶ 6. This appeal involves interpretations of an insurance policy and WIS. STAT. § 632.32(5)(i)1, both of which present issues of law that we review de novo. *Smith v. Atl. Mut. Ins. Co.*, 155 Wis. 2d 808, 810, 456 N.W.2d 597 (1990) (interpretation of an insurance policy); *State v. Dean*, 163 Wis. 2d 503, 510, 471 N.W.2d 310 (Ct. App. 1991) (interpretation of a statute).

### DISCUSSION

¶ 7. At issue is the interpretation of the reducing clause in the uninsured motorist coverage section of State Farm's policy. State Farm added this reducing clause to its policy in 1995 after the enactment of legislation permitting such clauses. *See* 1995 Wis. Act 21, § 4, creating WIS. STAT. § 632.32(5)(i). The clause provides:

The most we will pay is the lesser of:

a. the limits of liability of this coverage reduced by any of the following that apply:

(1) the amount paid to the <insured> by or on behalf of any <person> or organization that may be legally responsible for the <bodily injury>; or

(2) the amount paid or payable under any worker's compensation or disability benefits law; or

665

b. the amount of damages sustained, but not recovered.

¶ 8. This reducing clause language is consistent with WIS. STAT. § 632.32(5)(i), which states:

> (i) A policy may provide that the limits under the policy for uninsured or underinsured motorist coverage for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:
>
> 1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.
>
> 2. Amounts paid or payable under any worker's compensation law.
>
> 3. Amounts paid or payable under any disability benefits laws.

¶ 9. Prior to the enactment of WIS. STAT. § 632.32(5)(i), insureds successfully challenged the validity of reducing clauses in uninsured and underinsured motorist provisions on numerous grounds. *See, e.g., Hoglund v. Secura Ins.*, 176 Wis. 2d 265, 267, 500 N.W.2d 354 (Ct. App. 1993) (underinsured motorist provision invalid because it rendered coverage illusory). Following the statute's enactment, we concluded that a policy containing an unambiguous reducing provision consistent with § 632.32(5)(i) is valid and enforceable, and no longer may be deemed illusory. *Sukala v. Heritage Mut. Ins. Co.*, 2000 WI App 266, ¶¶ 16–19, 240 Wis. 2d 65, 622 N.W.2d 457. Our supreme court also rejected a substantive due process challenge to § 632.32(5)(i)1. *Dowhower v. West Bend Mut. Ins. Co.*, 2000 WI 73, ¶ 2, 236 Wis. 2d 113, 613 N.W.2d 557.

¶ 10. Consistent with *Sukala* and *Dowhower*, Janssen does not contest the validity of State Farm's reducing clause. Rather, she argues that the policy

666

language, which is consistent with Wis. Stat. § 632.32(5)(i)1, refers to payments made by tortfeasors and their insurers, not to payments made pursuant to the injured person's own uninsured motorist coverage. State Farm disagrees, contending that the statute "allows for a reduction of payments when the claimant receives money from *any* person or organization."

¶ 11. We conclude that the unambiguous language of Wis. Stat. § 632.32(5)(i)1 and the State Farm policy refers to payments made by and on behalf of tortfeasors, and not to payments made pursuant to the insured's own uninsured motorist coverage.[3] Our conclusion is consistent with Wisconsin Supreme Court precedent interpreting similar language in a health insurance policy's subrogation clause. *See Employers Health Ins. v. Gen. Cas. Co.*, 161 Wis. 2d 937, 946–47, 469 N.W.2d 172 (1991).

## I. Interpretation of Wis. Stat. § 632.32(5)(i)1

¶ 12. The purpose of statutory interpretation is to discern the intent of the legislature. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997). To do so, we first consider the language of the statute. *Id.* If it clearly and unambiguously sets forth the legislative intent, we apply that language to the case at hand and do not look beyond the statutory language to ascertain its meaning. *Id.* A statute is ambiguous if it is capable of

---

[3] Neither party asserts that State Farm's policy language should be interpreted any differently than Wis. Stat. § 632.32(5)(i)1. Because State Farm's policy language is nearly the same as § 632.32(5)(i)1, our interpretation of the statute also applies to the policy.

being understood by a reasonably well-informed person in either of two senses. *Id.* If the statutory language is ambiguous and does not clearly set forth the legislative intent, the court will resort to judicial construction. *Landis v. Physician Ins. Co.*, 2001 WI 86, ¶ 15, 245 Wis. 2d 1, 628 N.W.2d 893.

¶ 13. Although it is true that statutory interpretation begins with the language of the statute, it is also well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute. *Id.* at ¶ 16. Moreover, in interpreting a statute, courts must attempt to give effect to every word so as not to render any portion superfluous. *Id.*

¶ 14. Here, at issue is which parties the statute includes when it refers to those persons and organizations "legally responsible for the bodily injury or death for which the payment is made." *See* Wis. Stat. § 632.32(5)(i)1. The parties agree that at a minimum, this phrase refers to tortfeasors and their insurers. State Farm contends, however, that the phrase also includes payments from other uninsured motorist carriers, which are payments made pursuant to contract law. *See Berna-Mork v. Jones*, 174 Wis. 2d 645, 652, 498 N.W.2d 221 (1993) (A claim for uninsured motorist benefits is a claim based on contract; an uninsured motorist insurer is not a wrongdoer.). Indeed, State Farm even goes so far as to argue at one point in its brief that the "language allows for a reduction of payments when the claimant receives money from *any* person or organization."

¶ 15. We conclude that Wis. Stat. § 632.32(5)(i)1 unambiguously refers to payments made by and on behalf of tortfeasors, and not to payments made pursuant to the insured's own uninsured motorist coverage. Our conclusion is supported by the definition of the word "responsible" and the principle that in interpreting a statute, courts must attempt to give effect to every word, so as not to render any portion of the statute superfluous. *See Landis,* 2001 WI 86 at ¶ 16.

¶ 16. We begin with our interpretation of the word "responsible," found in Wis. Stat. § 632.32(5)(i)1, which is not defined in the statute. When construing statutes we are to give them their common-sense meaning to avoid unreasonable and absurd results. *City of Milwaukee v. Kilgore,* 185 Wis. 2d 499, 516, 517 N.W.2d 689 (Ct. App. 1994), *aff'd,* 193 Wis. 2d 168, 532 N.W.2d 690 (1995). Under long-standing tradition, the court may examine a recognized dictionary to determine the common and ordinary meaning of a word. *State v. Chrysler Outboard Corp.,* 219 Wis. 2d 130, 168, 580 N.W.2d 203 (1998). Consultation does not by itself indicate that a statute is ambiguous. *See Seider v. Musser,* 222 Wis. 2d 80, 87 n.4, 585 N.W.2d 885 (Ct. App. 1998), *aff'd,* 2000 WI 76, 236 Wis. 2d 211, 612 N.W.2d 659.

¶ 17. Here, the word "responsible" is used as part of the phrase "legally responsible for the bodily injury or death." According to Webster's Third New int'l Dictionary 1935 (unabr. 1993), the definition of "responsible" used with the word "for" is: "**2** . . . **b :** answerable as the primary cause, motive or the result—used with *for* <[responsible] for her injury>." The American Heritage Dictionary 1108 (New College ed. 1975), provides a

similar definition, "**3.** being the source or cause of something. Used with *for.*" We conclude the word "responsible" refers to the person or organization that *caused* the bodily injury or death—the tortfeasor.

¶ 18. In other words, we conclude that the phrase "Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made" allows a reduction of amounts paid by the tortfeasor, or on behalf of the tortfeasor (such as payments made by a liability insurer), for bodily injury or death caused by the tortfeasor, whether the tortfeasor is a person or an organization (such as a corporation). A payment made by an injured person's own uninsured motorist policy is payment by a contractually liable party, *see Berna-Mork*, 174 Wis. 2d at 652, not by a "responsible" party. *See* WIS. STAT. § 632.32(5)(i)1.

¶ 19. Our conclusion that WIS. STAT. § 632.32(5)(i)1 refers to payments by and on behalf of tortfeasors, and not to payments made pursuant to the insured's own uninsured motorist coverage, also gives effect to the remaining subsections of § 632.32(5)(i), which provide for a reduction of amounts paid or payable under "any worker's compensation law" or "any disability benefits laws." *See* WIS. STAT. § 632.32(5)(i)2 and 3. Although the nature of the payments made pursuant to worker's compensation and disability benefits laws may be subject to debate, such payments are clearly not payments by a tortfeasor. *See State v. LIRC*, 136 Wis. 2d 281, 286–87, 401 N.W.2d 585 (1987) (recognizing that worker's compensation system sets up "quasi-contractual status" between worker and employer). Thus, under our interpretation of § 632.32(5)(i)1, payments made under worker's compensation and disability benefits laws would not be payments under § 632.32(5)(i)1.

670

¶ 20. Under State Farm's theory, however: "Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made," include payments based on contractual obligations to insureds, such as uninsured motorist coverage. *See* Wis. Stat. § 632.32(5)(i)1. If this were true, then payments made under the worker's compensation system, which are "quasi-contractual" in nature, *see LIRC*, 136 Wis. 2d at 286–87, arguably could also reduce an insurer's uninsured motorist liability pursuant to § 632.32(5)(i)1. Payments made by health insurers, private disability insurers and others could also fall within this category.

¶ 21. If Wis. Stat. § 632.32(5)(i)1 allowed insurers to reduce their uninsured and underinsured motorist coverage liability by the payments received through worker's compensation and disability benefits laws, there would be no need for Wis. Stat. § 632.32(5)(i)2 and (5)(i)3. In interpreting a statute, courts must attempt to give effect to every word of a statute, so as not to render any portion of the statute superfluous. *See Landis*, 2001 WI 86 at ¶ 16. Consistent with this legal standard, we must avoid interpreting Wis. Stat. § 632.32(5)(i)1 in a way that renders § 632.32(5)(i)2 and (5)(i)3 superfluous. Our interpretation of § 632.32(5)(i)1 renders § 632.32(5)(i)2 and (5)(i)3 necessary because reductions for worker's compensation and disability benefits laws are not included under § 632.32(5)(i)1.

## II. Case law interpreting similar language in subrogation cases

¶ 22. Both parties rely on case law to support their interpretation of the phrase, "by or on behalf of any person or organization that may be legally responsible for the bodily injury," that appears in both Wis.

STAT. § 632.32(5)(i)1 and State Farm's policy. Janssen relies on *Employers Health*, 161 Wis. 2d at 942, where the supreme court considered whether a health insurer that paid medical benefits to its insured could maintain an action for subrogation to recover from the insured's uninsured motorist coverage. The health insurance contract provided, "If benefits are paid under the Policy and You or Your covered Dependent recovers *from a responsible third party by settlement, judgment or otherwise,* We have a right to recover from You or Your covered Dependent an amount equal to the amount We paid." *Id.* at 945 n.5 (emphasis added).

¶ 23. Interpreting this language, our supreme court concluded that a "responsible third party" in the context of the health insurance policy "clearly refers to a party responsible for the insured's injury and not to an insurer providing uninsured motorist coverage to the insured." *Id.* at 950. Janssen reasons that if the phrase "responsible third party" does not include an insurer providing uninsured motorist coverage, then neither does "person or organization that may be legally responsible for the bodily injury." *See* WIS. STAT. § 632.32(5)(i)1.

¶ 24. In contrast, State Farm relies on *Dailey v. Secura Ins. Co.*, 164 Wis. 2d 624, 476 N.W.2d 299 (Ct. App. 1991). *Dailey* involved the same issue addressed in *Employers Health*. *See Dailey*, 164 Wis. 2d at 627. In *Dailey*, however, the subrogation clause in the health insurance policy provided:

> The Company shall be subrogated to the rights, claims, interest and causes of action which the Covered Participant may have *against any party who may be liable for injury, illness or other loss of the Covered Partici-*

*pant,* to the extent that the Company has provided Benefits for such injury, illness or other loss under the Policy.

*Id.* at 628–29 (emphasis added). Distinguishing *Employers Health* based on the difference in policy language, *Dailey* concluded:

> Unlike the subrogation clause in [*Employers Health*], the language of [this health insurer's] subrogation clause is much broader. [The health insurer's] right of subrogation exists against any party who may be liable for injury, illness or other loss of the Daileys. "Any party who may be liable" is not limited to wrongdoers. Rather, this phrase includes insurers, who by their contracts are liable to their insureds for their insureds' injuries or losses.

*Id.* at 629. State Farm argues that the phrase "any person or organization that may be legally responsible for the bodily injury," found in Wis. Stat. § 632.32(5)(i)1, is similar to "any party who may be liable for injury, illness or other loss" because they both use the word "any." However, State Farm fails to account for any difference between the word "liable" that appears in *Dailey* and the word "responsible" that appears in *Employers Health.*

¶ 25. Both *Employers Health* and *Dailey* involved the interpretation of health insurance subrogation clauses. The reviewing courts considered not only the policy language, but also the subject matter and purpose of each insurance policy, the uninsured motorist statute and principles of subrogation. *Employers Health,* 161 Wis. 2d at 952–55; *Dailey,* 164 Wis. 2d at 628–30. The reasoning they employ is persuasive in this case. Our supreme court in *Employers Health* held that a subrogation clause referring to the "responsible third

673

party" does not include a right to subrogation against an entity that is not the wrongdoer causing the injury. *See Employers Health*, 161 Wis. 2d at 950. Similarly, we conclude that a "person or organization responsible for the bodily injury or death" does not refer to a person or entity that is merely contractually liable.

¶ 26. In contrast, the court in *Dailey* concluded that "any party who may be liable for injury, illness or other loss" is broader than the language in *Employers Health* and is not limited to wrongdoers. *See Dailey*, 164 Wis. 2d at 628–29. We agree that the language in *Dailey* is broader, in part because it uses the word "liable" as opposed to "responsible." If Wis. Stat. § 632.32(5)(i)1 had used the word "liable" instead of "responsible," our interpretation may have been different. *See Shkolnick v. Am. Fam. Mut. Ins. Co.*, 506 N.W.2d 356, 358–59 (Neb. App. 1993) (holding that underinsured motorist insurer could reduce its payments by the amount of other insurer's underinsured motorist payments because amounts paid "by or for any person or organization which may be held legally liable for the bodily injury" included payments made pursuant to both tort and contractual liability). However, because § 632.32(5)(i)1 used the word "responsible" and language that is similar to that addressed in *Employers Health*, we conclude that § 632.32(5)(i)1 refers solely to payments made by and on behalf of the tortfeasor.

## CONCLUSION

¶ 27. We conclude that State Farm's policy language, which is consistent with Wis. Stat. § 632.32(5)(i)1, does not permit State Farm to reduce its uninsured motorist coverage by the payments Janssen received from another uninsured motorist carrier. We

therefore reverse the summary judgment in State Farm's favor and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded with directions.